679 So.2d 506 (1996)
Henry BEDENBENDER, Plaintiff-Appellant,
v.
Freda Ann Dalrymple BEDENBENDER, Defendant-Appellee.
No. 28579-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1996.
Dennis G. Stewart, Rayville, for Appellant.
Leo A. Miller, Jr., Monroe, for Appellee.
*507 Before HIGHTOWER, BROWN and STEWART, JJ.
STEWART, Judge.
Henry Bedenbender, plaintiff, appeals from a trial court judgment valuing certain movable, immovable property, and plaintiff's interest in the retirement benefits of his ex-spouse, Freda Ann Dalrymple Bedenbender Bareswill. For the following reasons, we affirm the trial court's decision regarding valuation and reimbursement but remand this matter for recalculation of Mr. Bedenbender's interest in Mrs. Bareswill's retirement benefits pursuant to the formula annunciated in Sims v. Sims, 358 So.2d 919 (La.1978).

FACTS
The parties were married in 1977. During the marriage, Mrs. Bareswill, worked part-time and attended school on a student work loan and a grant-work scholarship obtaining a degree in education. She began teaching in the fall of 1979 and continued in that position through the termination of the community with the filing of the divorce petition on October 24, 1989.
On June 10, 1993, Mrs. Bareswill filed a petition for partition of community property. The trial court issued written reasons for judgment on May 23, 1995 and made findings regarding the values of both separate and community property, including the following:
A. Separate property of Henry
1) The seven acre tract, valued at $11,000.00, is the separate property of Henry, but Freda is entitled to reimbursement in the amount of $5,500.00.
2) The family home and one acre tract on which the house is located are the separate property of Henry. Value of assets used to improve the home is $10,000.00. Increase in value of the home is $10,000.00. Freda is entitled to reimbursement in the amount of $10,000.00, equal to one-half of the total value of home improvements.
3) Value of improvements to the pond is $1000.00. Freda is entitled to reimbursement in the amount of $500.00.
4) Cost to community and increase in value of oil derrick and concrete slab which is separate property of Henry is $1000.00. Freda is entitled to reimbursement in the amount of $500.00.
5) Gun shop building valued at $3000.00. Freda entitled to reimbursement in the amount of $1500.00.
B. Community property in the possession of Henry
1) Inoperable 1948 Willis Jeep valued at $250.00.
2) 1976 Chevette valued at $1000.00.
3) Gun collection valued at $5000.00.
4) Machine tools valued at $500.00.
5) Travel trailer valued at $1000.00.
Further, the court determined that Freda's contributions to Louisiana Teacher's Retirement System through the date of termination of the community were $10,395.51 and held that Henry was entitled to one-half of that amount.
After division of the assets with credit to Henry for an amount owed him by Freda, the court ordered Henry to execute a promissory note payable to Freda in the amount of $16,672.24, which represents the debt owed by Henry for the reimbursement claims of Freda. A judgment in accordance with that written opinion was signed on August 22, 1995.
Mr. Bedenbender argues two assignments of error. First, Mr. Bedenbender asserts that the trial court erred in assigning certain values to movable and immovable property. Second, he asserts that the trial court erred in the calculation of his interest in Mrs. Bareswill's retirement benefits.

DISCUSSION

Assignment of Error # 1
In community property partitions, the trial court is granted much discretion in valuating assets and allocating liabilities and is required to consider the source and nature of each asset or liability, the financial situation of each spouse, and any other relevant circumstances. LSA-R.S. 9:2801, et seq. Given this great discretion, "the trial court is not required to accept at face value a spouse's *508 valuation of assets or debts, or claims against the community." Barrow v. Barrow, 27,714 (La.App. 2 Cir. 2/28/96), 669 So.2d 622.
An appellate court may not set aside a trial court's factual findings absent manifest error or unless clearly wrong. Lewis v. State Through Dept. of Transp. and Dev., 94-2730 (La. 4/21/95), 654 So.2d 311; Stobart v. State Through Dept. of Transp. and Dev., 617 So.2d 880 (La.1993).
Henry contends that the trial court erred in assigning values to the movable and immovable property. He asserts that the evidence was not sufficient to support such inflated values and that the trial court was arbitrary in valuing the property at issue.
On the other hand, Freda contends that the trial court did not err in valuing the property because such values are supported by the evidence and testimony adduced at trial.
The detailed descriptive lists filed by the parties and the testimony of the parties at trial reflected very disparate values of the property at issue. King Trishman, owner of East Carroll Lumber Yard, testified with regard to improvements made to the family home, but he was only able to provide the court with estimates of comparable structures.
Considering the totality of the record and evidence adduced at trial, we cannot say that the trial court was manifestly erroneous in assigning values to the property at issue and in calculating reimbursement due Mrs. Bareswill based on those values.

Assignment of Error # 2
Regarding Mr. Bedenbender's interest in Mrs. Bareswill's retirement benefits, the trial court determined that she had contributed the amount of $10,395.51 to the pension plan during the existence of the community regime and found that Mr. Bedenbender was entitled to one-half of that amount.
In Sims v. Sims, supra, the Louisiana Supreme Court established a formula to be used to determine a nonemployee spouse's interest in the retirement benefits of the employee spouse. Pursuant to that formula, the community interest in an unmatured retirement plan is expressed as a fraction with the numerator representing the number of years of creditable service that accrued during the existence of the community and the denominator representing the yet undetermined total years of creditable service. This fraction representing the community interest in the pension is then multiplied by one-half to determine the nonemployee spouse's share of the retirement benefits. The employee spouse is entitled the remaining one-half of the community fraction, as well as the full amount of the fraction representing the years of service both prior to and after the existence of the community. Sims v. Sims, supra; Withers v. Withers, 27,348 (La.App. 2 Cir. 9/27/95), 661 So.2d 529.
Henry argues that the trial court should have followed Sims and determined that he was entitled to one-half of the value attributable to the pension earned during the existence of the community.
Freda contends that, in making the determination that Henry was only entitled to one-half of the amount contributed to the retirement system during the existence of the community, the trial court considered that Freda will have difficulty collecting on the promissory note, that Henry was allowed to retain possession of all property acquired during the existence of the community, that he was financially supported by Freda throughout their marriage, and that Henry made little, if any, contributions to his social security retirement account while the parties were married.
We find that the trial court was clearly wrong in failing to follow the Sims formula in determining Mr. Bedenbender's interest in the retirement benefits of Mrs. Bareswill. At this time, the denominator of that fraction cannot be calculated because it is not known how long Mrs. Bareswill will continue to be employed as a teacher and contribute to that retirement system. For the foregoing reasons, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion regarding the calculation *509 of Mr. Bedenbender's interest in Mrs. Bareswill's retirement benefits.
The costs of this proceeding are assessed equally between the parties.
AFFIRMED in part; REVERSED and REMANDED in part.