715 So.2d 479 (1998)
Vernita YOUNG, Plaintiff-Appellee,
v.
Sam SMITH, Jr., Defendant-Appellant.
No. 30530-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
Sam L. Jenkins, Jr., Shreveport, for Defendant-Appellant.
Thomas & Thomas by Loyd K. Thomas, Shreveport, for Plaintiff-Appellee.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
GASKINS, Judge.
The defendant, Sam Smith, Jr., appeals from a trial court judgment partitioning community *480 property. For the following reasons, we affirm.

FACTS
The plaintiff, Vernita Young, and the defendant, Sam Smith, Jr., were first married in 1967 and divorced in 1971. They remarried in 1978 and two children were born of that union. Young and Smith were again divorced on May 26, 1992. The parties were awarded joint custody of their minor sons, with Mr. Smith named the domiciliary parent. Mr. Smith continued to reside in the family home with the children.
On October 13, 1995, Mrs. Young filed the instant petition for partition of community property. Mr. Smith answered the petition and asserted a reconventional demand for child support. The only community assets to be apportioned were the family home and the respective retirement benefits of Mr. Smith and Mrs. Young. Mr. Smith retired from the Army and began receiving retirement benefits in 1986, prior to the divorce. Forty percent of his retirement is a disability benefit. Mrs. Young's retirement benefits have not yet accrued. The only community debt was the mortgage on the family home. Mr. Smith asserted a claim against Mrs. Young for payments he made on the mortgage and Mrs. Young asserted a reimbursement claim for the rental value of the family home.
The matter was heard in the trial court on February 4, 1997. The parties stipulated that Mrs. Young is entitled to thirty percent of the disposable portion of Mr. Smith's military retirement benefits, which he began receiving during the marriage. The parties stipulated that the rental value of the family home is $450.00. It was also established that the balance due on the mortgage is $33,800.00. During testimony, both Mr. Smith and Mrs. Young agreed that complete ownership of the house would be transferred to Mr. Smith and he would assume the balance due on the mortgage.
On May 12, 1997, the trial court issued a judgment partitioning the community property in this case. The court ruled that Mrs. Young transferred all right, title and interest in the family home to Mr. Smith and he assumes the mortgage indebtedness. The court ruled that Mrs. Young was entitled to the agreed upon portion of Mr. Smith's military retirement pension and that Mr. Smith is entitled to a one-half interest in her retirement benefits earned during the marriage. Regarding the claims for reimbursement for rental and mortgage payments on the home, the court found, "It is further ordered that Sam Smith, Jr. (sic) reimbursement claim for mortgage payments and Vernita Young's reimbursement claim for rentals are extinguished." The court also ordered that Mrs. Young pay Mr. Smith child support. On July 14, 1997, Mr. Smith appealed the trial court judgment.

RENTAL REIMBURSEMENT
The parties do not object to the trial court ruling regarding retirement benefits or the award of child support. However, Mr. Smith argues on appeal that the trial court made an inequitable distribution of assets and liabilities between the parties because it recognized Mrs. Young as having a valid claim for rental reimbursements. He contends that, in order to gain reimbursements for rental of the family home, the parties must have so agreed or that the trial court must have entered such an order at the time one of the parties is granted occupancy of the home. Because there was no such agreement or court order in this case, he contends that Mrs. Young could not be awarded rental reimbursement in the partition agreement.
In community property partitions, the trial court is granted much discretion in valuing and allocating assets and liabilities and is required to consider the source and nature of each asset or liability, the financial situation of the other spouse, and any other relevant circumstances. La. R.S. 9:2801 et seq.; Bedenbender v. Bedenbender, 28,579 (La.App.2d Cir. 8/21/96), 679 So.2d 506. Given this great discretion, the trial court is not required to accept at face value a spouse's valuation of assets or debts, or claims against the community. Bedenbender v. Bedenbender, supra. An appellate court may not set aside a trial court's factual findings absent manifest error or unless clearly wrong. Stobart v. State, Through Department of Transportation *481 and Development, 617 So.2d 880 (La.1993).
The possession and use of the family residence after the filing of a petition for divorce is governed by La. R.S. 9:374. Section C of that provision, regarding rental payments, specifies that:
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
The Louisiana Supreme Court in McCarroll v. McCarroll, 96-2700 (La.10/21/97), 701 So.2d 1280, recognized that there had been a split in the circuits regarding whether an assessment of rent may be made retroactively for a spouse's occupation of the family home pending partition of the community property. The First Circuit and this court had relied upon the principles of co-ownership in indivision in holding that a spouse who has the exclusive use of the matrimonial domicile is not liable to the other spouse for rental payments unless agreed by the parties at the time of the occupancy or unless ordered by the trial court when occupancy is awarded. Jones v. Jones, 605 So.2d 689 (La.App. 2d Cir.1992); McConathy v. McConathy, 25,542 (La.App.2d Cir. 2/23/94), 632 So.2d 1200, writ denied 94-0750 (La.5/6/94), 637 So.2d 1052; Chance v. Chance, 29,591 (La.App.2d Cir. 5/7/97), 694 So.2d 613; Bolden v. Bolden, 524 So.2d 10 (La.App. 1st Cir.1988); Wochomurka v. Wochomurka, 552 So.2d 405 (La.App. 1st Cir.1989). Other circuits interpreted La. R.S. 9:374(C) to allow trial courts great discretion to award rental value at any time, including retroactively. The Louisiana Supreme Court resolved the issue in McCarroll, finding that the reasoning of the First Circuit and this court was correct. The court stated that the principles of co-ownership amply supports the requirement that for the assessment of rent, under La. R.S. 9:374(C), there must be an agreement between the spouses of a court order for rent contemporaneously with the award of occupancy. The court also stated that public policy weighs heavily against the retroactive award of rent under La. R.S. 9:374(C).
The trial court ruling in this case is unclear as to whether it found that Mrs. Young had a valid claim for rent that was equal to Mr. Smith's claim for mortgage payments, thereby effectively canceling the claims, or whether the court found that neither the claim for rent or for mortgage reimbursements was valid. However, as argued by Mr. Smith, there is no showing that the parties agreed that he would pay rent on the house nor was there a court order granting him occupancy of the house and ordering him to pay rent. Therefore, in accordance with this court's interpretation of La. R.S. 9:374(C) and the holding in McCarroll v. McCarroll, supra, because these necessary factors have not been established in this case, we find that Mrs. Young did not have a valid claim for reimbursement for rental payments.

MORTGAGE REIMBURSEMENT
Mr. Smith next argues that his claim against Mrs. Young for reimbursement of the mortgage payments in the amount of $15,264.00 should be offset against her claim against him for $14,278.00 in past military retirement benefits and the claims should cancel each other. In her brief, Mrs. Young argues that the trial court erred in allowing a reimbursement claim for mortgage payments made by Mr. Smith, asserting that he failed to carry his burden of proof.[1] In evaluating *482 Mr. Smith's claim that the mortgage payments and the past retirement reimbursement should be offset and cancel each other, we must necessarily consider the fundamental validity of the claim for reimbursement of the mortgage payments. For the following reasons, we find that Mr. Smith failed to adequately establish his claim for reimbursement for mortgage payments.
Reimbursement for payment of mortgage notes made with separate funds on the community home after the termination of the community is governed by La. C.C. Art. 2365 which provides:
If separate property of a spouse has been used to satisfy a community obligation, that spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. The liability of a spouse who owes reimbursement is limited to the value of his share in the community after deduction of all community obligations.
Nevertheless, if the community obligation was incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, and education of children of either spouse in keeping with the economic condition of the community, the spouse is entitled to reimbursement from the other spouse regardless of the value of that spouse's share of the community.
Under this article, a former spouse is entitled to be reimbursed for mortgage payments made on the community home with separate funds after a legal separation or divorce. Romero v. Romero, 457 So.2d 317 (La.App. 3d Cir.1984). The party is entitled only to one-half of the separate funds expended for payment of the mortgage note on the family home. Moody v. Moody, 622 So.2d 1381 (La.App. 1st Cir.1993), writ denied 544 So.2d 394 (La.1989); Roque v. Tate, 93-389 (La.App. 5th Cir. 2/9/94), 631 So.2d 1385, writ not considered 94-0625 (La.4/29/94), 637 So.2d 457.
The burden of proof is on the party claiming reimbursement to show that separate funds existed and that they were used to satisfy the community obligation. Salsbury v. Salsbury, 27,062 (La.App.2d Cir. 6/21/95), 658 So.2d 734; McElwee v. McElwee, 93 1010 (La.App. 1st Cir. 8/17/94), 649 So.2d 975; Rogers v. Rogers, 94-541 (La.App. 5th Cir. 12/9/94) 649 So.2d 7. In instances in which a party fails to bring forward the required proof in the form of canceled checks or bank statements and never affirmatively claims that separate funds were used to pay the mortgage, the claim for reimbursement has been disallowed. Salsbury v. Salsbury, supra; Rogers v. Rogers, supra; Romero v. Romero, supra.
We note in this case that the record is devoid of any evidence to establish the amount expended by Mr. Smith to satisfy the mortgage payments on the family home, that he used his separate funds or that the mortgage payments were kept current. No canceled checks were introduced into evidence to establish the amount Mr. Smith claims he expended on the mortgage nor did he ever specifically state that he used his separate funds to pay the mortgage. As stated above, the jurisprudence requires that the party claiming reimbursement establish these factors. In the absence of such proof, we cannot find that the mortgage reimbursement claim is valid. Because the claim has not been adequately established, we reject Mr. Smith's request that the mortgage payments be offset against the past retirement benefits due Mrs. Young. Therefore, due to the absence of proof to establish Mr. Smith's mortgage reimbursement claim, the trial court's decision to disallow both the mortgage reimbursement and the rental claim was proper.

CONCLUSION
We note that we reach essentially the same result as the trial court, perhaps for different reasons. We find that neither the rental nor mortgage reimbursement claims should have been allowed by the trial court. The trial court judgment is affirmed. Costs in this court and in the court below are *483 assessed one-half to the plaintiff and one-half to the defendant.
AFFIRMED.
NOTES
[1] Mrs. Young also argues that it would be inequitable to allow Mr. Smith's mortgage reimbursement claim and then to award him full ownership of the house. However, the record clearly shows that the parties agreed that if Mr. Smith assumed the balance due on the mortgage, Mrs. Young would transfer to him all her interest in the house and lot. At the hearing, Mr. Smith testified that the balance due on the mortgage was $33,800.00. This testimony was uncontroverted by Mrs. Young. Nothing in the record indicates that there was any other element of consideration, such as a waiver of the claim for reimbursement of mortgage payments, to be included in the transfer of the house to Mr. Smith. Also, Mrs. Young has not appealed or answered the appeal asking that the judgment be modified, revised, or reversed.