748 So.2d 619 (1999)
Belinda Gail Creech WARD, Plaintiff-Appellee,
v.
Benny Lynn WARD, Defendant-Appellant.
No. 32,617-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1999.
*620 Sam O. Henry, III, West Monroe, Counsel for Appellant.
Robert S. Tew, Monroe, Counsel for Appellee.
Before BROWN, WILLIAMS and STEWART, JJ.
WILLIAMS, Judge.
The defendant, Benny Ward, appeals a judgment partitioning community property. The defendant contends that he is entitled to reimbursement from his former spouse, Belinda Ward, for payment of community debts. The trial court found that neither party made a claim for reimbursement. For the following reasons, we amend and affirm as amended.

FACTS
In June 1977, Belinda and Benny Ward were married. On August 22, 1994, the petition for divorce was filed, terminating the community of acquets and gains formerly existing between the parties. The plaintiff, Belinda Ward, filed a petition to partition the community property, with a detailed descriptive list of the assets and debts of the estate. The defendant, Benny Ward, filed a sworn detailed descriptive list as a traversal of the plaintiff's list.
The district court appointed attorney Charles Traylor, III, to compile an inventory of the community property. Traylor submitted his "Report of Notary" to the court, assigning values to the community assets. The report stated that the notary had "not worked with the debts or reimbursement claims...."
Following an April 1997 hearing on the traversal and petition, the parties submitted briefs and the court took the matter under advisement. The parties had agreed to accept the notary's assigned value for some of the community assets, but disagreed on the value of other property. On October 15, 1998, the trial court issued a written opinion identifying and assigning values to community assets and liabilities.
The trial court stated that "no claims for reimbursement" were made by either party and that plaintiff had conceded that the defendant had paid all obligations since dissolution of the community. The trial judge found that the total value of community assets was $240,488, and that the total liabilities amounted to $90,943, resulting in a community property net value of $149,545. However, the court incorrectly stated that one-half of the community property net value was $78,772. The correct amount is $74,772 ($149,545 × .50).
The trial court assigned to defendant assets of $155,181 and liabilities of $90,943, a net distribution of $64,238. The court assigned to plaintiff assets of $84,606, without any liabilities. Although the trial court found that plaintiff was allocated $5,833 more than her one-half share of the community net value, this figure was based on the court's incorrect computation. Petitioner was actually allocated $9,834 above her one-half share of $74,772 in the community's net value.
The trial court rendered judgment in accordance with its written opinion. The judgment was twice amended to correct investment account numbers and the property description of the former matrimonial domicile. The defendant appeals the judgment.

DISCUSSION
In two assignments of error, the defendant contends the trial court erred in finding that he did not make a claim for reimbursement and in refusing to address his request to be reimbursed. The defendant *621 argues that the evidence presented proved he used separate funds to pay certain community debts and that he is entitled to reimbursement. We disagree.
LSA-C.C. art. 2365 provides that if separate property of a spouse has been used to satisfy a community obligation, upon termination of the community property regime, that spouse is entitled to reimbursement for one-half of the amount or value of such property at the time it was used. The burden of proof is on the party claiming reimbursement to show that separate funds existed and were used to satisfy the community obligation. Salsbury v. Salsbury, 27,062 (La.App.2d Cir.6/21/95), 658 So.2d 734; Young v. Smith, 30,530 (La.App.2d Cir.5/13/98), 715 So.2d 479.
In the present case, the defendant testified that to his knowledge he used separate funds and not a community bank account to pay community debts. However, defendant failed to provide documentation to corroborate this belief. Although the defendant introduced into evidence receipts and credit slips from Commercial National Bank reflecting various loan payments, the record does not contain canceled checks or bank statements to indicate which account was the source of these payments.
At trial and in his brief to this court, the defendant asserted that he paid the community debts from earnings obtained in operating the tool distributorship business. However, in his 1994 federal income tax return, the defendant reported his income from the tool business as $13,492. Defendant did not produce his complete tax returns for the years 1995 or 1996, and failed to explain how his annual separate income over several years was allocated in order to pay the $52,498 in community debt. Nor does the plaintiff's testimony that defendant made payments of the community debt establish that separate funds were used.
In addition, the defendant acknowledged that the Ward Tool Company, his sole source of income, was formed during the community, which owned the business assets, including the tool truck. Thus, the evidence indicates that although defendant operated the MAC tool distributorship by himself after the termination date, the business revenues were generated at least in part through the use of community assets.
Here, the defendant produced evidence indicating that he made payments toward reducing the community debt, but he failed to establish the source of the funds used to satisfy the obligation. Although the trial judge stated in his written opinion that the parties did not make claims for reimbursement, we note that the trial judge heard the testimony regarding defendant's request to be reimbursed for the payments of community debt.
Based upon this record, we must conclude that the defendant failed to meet his burden of proving that his separate funds were in fact used to satisfy the community obligations. Therefore, we cannot say the trial court erred in declining to award reimbursement to the defendant. The assignments of error lack merit.

Computation Error
We note that the trial court incorrectly stated that the amount of one-half of the community property net value was the sum of $78,772. The correct amount is $74,772 ($149,545 × .50).
Although the trial court found that plaintiff was allocated $5,833 more than her one-half share of the community net value, this figure was based on the court's incorrect computation. Plaintiff was actually allocated $9,834 above her one-half share of $74,772 in the community's net value. Thus, the judgment shall be amended to increase the petitioner's equalizing payment to $9,834.

CONCLUSION
For the foregoing reasons, the trial court's judgment is amended to increase the petitioner's equalizing payment to the *622 amount of $9,834, and the judgment is otherwise affirmed. Costs of this appeal are assessed to the appellant, Benny L. Ward.
AMENDED AND AFFIRMED AS AMENDED.