778 So.2d 736 (2001)
James H. THOMSON, Plaintiff-Appellant,
v.
Diane Hamby THOMSON, Defendant-Appellee.
No. 34,353-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 2001.
*737 Michael O. Craig, Benton, Counsel for Appellant.
William H. Ledbetter, Jr., Charles R. Rowe, Bossier, Counsel for Appellee.
Before STEWART, PEATROSS and KOSTELKA, JJ.
STEWART, J.
The appellant, James H. Thomson, filed a petition for divorce against his former wife, the appellee, Diane Hamby Thomson, in October 1998, and a judgment for divorce was subsequently rendered on December 17, 1998. Thereafter, Ms. Thomson filed a petition to partition community property, and the trial court granted such partition. We affirm.

FACTS/PROCEDURAL HISTORY
The parties, James H. Thomson and Diane Hamby Thomson, were married on July 31, 1996. They separated in April of 1998. A petition for divorce pursuant to Louisiana Civil Code Article 103 was filed by Mr. Thomson on October 20, 1998. Following a hearing, a judgment of divorce was rendered, and Ms. Thomson filed a petition to partition community property. At issue were several shares of Pfizer stock, a War Eagle Boat, hunting and fishing *738 equipment, a Lakewood subdivision lot, two televisions, a VCR, Fidelity Magellan Fund, and a Pension held by Bossier Medical Center, Willis Knighton Hospital. The court determined that the Pfizer stock, War Eagle boat, pension, and Lakewood lot were community property. In its Judgment of Partition, the court ordered the sale of the Pfizer stock, War Eagle Boat, and the Lakewood subdivision lot. Additionally, Mr. Thomson was also ordered to reimburse Ms. Thomson $31,721.55 in cash or from the proceeds of the sale from the items listed above. Mr. Thomson alleges five assignments of error regarding the classification of money allegedly paid for the Lakewood property, the Pfizer stock, and the money held in his savings account.

DISCUSSION

Reimbursement for Mortgage Payments
In his first three assignments of error, Mr. Thomson contends that the trial court erred by failing to recognize his claims for reimbursement against Ms. Thomson for mortgage payments and taxes allegedly paid by him on properties in the Lakewood subdivision owned by the community. Specifically, Mr. Thomson argues that the trial court erred in failing to give him credit for mortgage payments of $8,500 and $19,000 and property taxes of $670 paid on the Lakewood property after the period of separation but prior to the partition of the community property.
A court of appeal may not set aside a trial court's factual findings unless there is manifest error or they are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Though an appellate court may surmise that its own evaluations and inferences are reasonable, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Goings v. State of Louisiana, Through Department of Public Safety and Corrections, 94-1386 (La.1/17/95), 648 So.2d 884. When findings are based on determinations regarding the credibility of witnesses, the manifest error standard accords great deference to the trier of fact's findings, for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what was said. Where a fact finder's conclusion is based on its decision to credit the testimony of one of two or more witnesses, that determination can virtually never be manifestly erroneous or clearly wrong. Rosell, 549 So.2d at 845.
La. C.C. art. 2365 provides that if separate property of a spouse has been used to satisfy a community obligation, upon termination of the community property regime, that spouse is entitled to reimbursement for one-half of the amount or value of such property at the time it was used. The burden of proof is on the party claiming reimbursement to show that separate funds existed and were used to satisfy the community obligation. Salsbury v. Salsbury, 27,062 (La.App.2d Cir.6/21/95), 658 So.2d 734; Young v. Smith, 30,530 (La.App.2d Cir.5/13/98), 715 So.2d 479. In instances in which a party fails to submit the required proof in the form of canceled checks or bank statements and never affirmatively claims that separate funds were used to pay the mortgage, the claim for reimbursement has been disallowed. Salsbury v. Salsbury, supra.
In valuating and allocating assets and liabilities to partition community property, the trial court shall act within its broad discretion to consider the source and nature of each asset or liability, the financial situation of each spouse, and any other relevant circumstances. La. R.S. 9:2801(4)(c); Hare v. Hodgins, 586 So.2d 118 (La.1991). Consequently, the trial court is not required to accept at face value a spouse's valuation of assets, debts, or claims against the community. Bedenbender v. Bedenbender, 28,579 (La.App.2d Cir.8/21/96), 679 So.2d 506; Barrow v. Barrow, 27,714 (La.App.2d Cir.2/28/96), *739 669 So.2d 622, writ denied, 96-1057 (La.6/21/96), 675 So.2d 1080.
Upon review of the record, we find that Mr. Thomson is not entitled to any reimbursement. Assuming arguendo he made the payments prior to the termination of the community, he was paying a community debt with community funds which does not allow him a claim for credit against Ms. Thomson. The evidence shows that the parties physically separated in April 1998 and that the petition for divorce pursuant to La. C.C. art. 103 was not filed until October 1998. Mr. Thomson testified that the mortgage payments were made during the time of separation and continued until the time when the petition for divorce was prepared. However, the record shows that Mr. Thomson presented no documentary evidence of those payments, only his unsubstantiated testimony. Further, Mr. Thomson testified that he was unsure of the amount of money paid or when it was paid. The trial judge noted that Mr. Thomson's ambivalence and uncertainty undermined the credibility of his testimony. Since Mr. Thomson is the party claiming reimbursement, he bears the burden of proving that separate funds were used to satisfy the community obligation. Mr. Thomson has failed to make this showing. As such, it is presumed that the monies used to make the mortgage payments were assets of the community.
The trial court's finding that unless a party involved in a community property settlement can show what they are entitled to, they are not entitled to recovery is correct. Since Mr. Thomson has failed to make such a showing, we do not find that he is entitled to reimbursement for these payments. This assignment of error lacks merit.

Donative Intent
Secondly, Mr. Thomson contends that the trial court erred in holding that $57,648.68 of Ms. Thomson's separate property was not donated to the community existing at the time of the marriage.
A manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality. La. C.C. art. 1539. Money is a corporeal movable that may be donated by manual gift. Terrell v. Terrell, 26,863 (La. App. 2 Cir. 5/10/95), 655 So.2d 600; Succession of Walker, 533 So.2d 70 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1254 (La. 1989). A donation inter vivos (between living persons) is an act by which the donor divests himself, at present and irrevocably, of the thing, in favor of the donee who accepts it. La. C.C. art. 1468. For purposes of donations inter vivos, delivery is defined as relinquishing control or dominion over property and placing it within the dominion of the donee, irrevocably. Dastugue v. Fernan, 95-394 (La.App.5 Cir. 10/18/95), 662 So.2d 538, 541, citing Brown v. Brown, 93-1105 (La.App.3 Cir. 4/6/94), 635 So.2d 255, writ denied, 94-1667 La. 10/28/94, 644 So.2d 649 (1992). In order to have a valid inter vivos donation, it is sufficient that the will of the donor to give and the actual possession of the movable property by the donee operate simultaneously. Succession of Miller, 405 So.2d 812, 819 (La.1981). To establish a donation inter vivos of a manual gift, the donee has the burden of proving by strong and convincing evidence donative intent of the donor. Montet v. Lyles, 93-1724 (La.App. 1 Cir. 6/24/94), 638 So.2d 727, writ denied, 94-1985 (La.11/18/94), 646 So.2d 377; Brown v. Brown, supra; Fogg v. Fogg, 571 So.2d 838 (La.App. 3 Cir.1990), writ denied, 575 So.2d 372 (La.1991). Donative intent is a factual issue and is subject to the manifest error standard of appellate review. Dastugue, 662 So.2d 538; Terrell, 655 So.2d 600.
In this case, Ms. Thomson testified that she never intended to give $57,648.68 to Mr. Thomson. Instead, she said that she intended for the money to be used to pay off two separate debts of Mr. Thomson, and to pay the principal on Mr. Thomson's separate mortgage. In essence, Ms. Thomson *740 stated that the only reason the money was deposited in Mr. Thomson's checking account was because they were his separate debts and it was more feasible to write a check from his account to pay off those two debts. As we have stated, donative intent is a question of fact and the burden of proof is "strong and convincing evidence." Mr. Thomson has given no more than a bare assertion that Ms. Thomson donated the money to him. Mr. Thomson's statements are insufficient to meet his high burden of proving that Ms. Thomson intended to donate the funds to the community. This assignment of error lacks merit.

Pfizer Stock Credit
Lastly, Mr. Thomson contends that the trial court erred in giving Ms. Thomson credit for $8,400 which represented the principal purchase amount of the Pfizer stock that was purchased during the marriage.
Things in the possession of a spouse during the existence of the marriage are presumed to be community, but either spouse may prove that they are separate property. Succession of Norwood v. Norwood, 519 So.2d 338 (La.App. 2d Cir.1988); La. C.C. art. 2340. The party alleging the separate character of property must establish that the property was acquired and paid for with separate funds by proof that is fixed, clear, positive, and legally certain. Succession of Norwood, supra; Salley v. Salley, 94-418 (La.App. 3d Cir.11/23/94), 647 So.2d 1164. Where separate and community funds are mixed or commingled indiscriminately so that separate funds cannot be identified or differentiated from community funds, all funds are characterized as community. Kyson v. Kyson, 596 So.2d 1308 (La.App. 2d Cir.1991).
At trial, Mr. Thomson testified that the Pfizer stock was purchased on October 21, 1996 by a telephone transfer from his savings account. However, an examination of the evidence shows that the savings account consisted primarily of money derived from a sale of Ms. Thomson's separate property. Specifically, the $33,210 transferred to Mr. Thomson's savings account was what was left of a $57,648.68 deposit to his checking account that was made less than one week after they were married. This $57,648.68 was obtained from Ms. Thomson's sale of separate property on August 5, 1996. The transferred amount represents the principal balance of money in Mr. Thomson's checking account after he used over $24,000 of the money to pay his separate debts. As previously stated, we have found this money to be the separate property of Ms. Thomson. According to the evidence, Mr. Thomson only had $4,649 in his checking account prior to the $57,648.68 deposit. Further, he had placed less than $1000.00 in his savings account prior to the transfer. Accordingly, we do not find that these funds were commingled indiscriminately so as to make the separate funds indistinguishable from the community funds. This assignment of error lacks merit.

CONCLUSION
For the reasons we have just discussed, we hereby affirm the trial court's decision. Costs of this appeal are assessed against the appellant.
AFFIRMED.