835 So.2d 649 (2002)
Jack Leo "Jay" MANNO, Jr.
v.
Toni Balsano MANNO.
No. 2001 CA 2138.
Court of Appeal of Louisiana, First Circuit.
October 2, 2002.
*650 Paul M. Hebert, Jr., Baton Rouge, for PlaintiffAppellee Jack Leo "Jay" Manno, Jr.
Rachel C. Marinovich, New Orleans, for DefendantAppellant Toni Balsamo Manno.
Before: FOIL, FOGG, and KLINE,[1] JJ.
FOGG, J.
On appeal in this suit for partition of community property, the former wife contests the designation and the allocation of certain property. For the following reasons, we amend in part, and affirm, as amended.
Toni Balsano Manno and Jack Leo "Jay" Manno, Jr. were married on March 13, 1993, and divorced on November 12, 1999. Attempts to voluntarily partition the community were unsuccessful, and Mr. Manno filed a petition for judicial partition. After a hearing, the trial court rendered a judgment of judicial partition, awarding Mr. Manno attorney's fees in the sum of $8,301.44 and appraisal fees in the sum of $350.00, awarding Ms. Manno attorney's fees in the sum of $1,850.00 and appraisal fees in the sum of $125.00, and providing for an equalizing payment by Ms. Manno of $23,716.50. Ms. Manno appealed, and Mr. Manno answered the appeal.
Initially, Ms. Manno contends the trial court erred in denying her request to file an amended descriptive list to assert her claim for reimbursement for the rental value of the family home. LSA-R.S. 9:374 provides the procedure for petitioning the court for the use and occupancy of the family residence. Section 374(C) provides:
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
*651 By the clear terms of the statute, Mr. Manno shall not be liable to Ms. Manno for rent for use and occupancy of the family residence without a court order or an agreement by the parties. Richard v. Richard, 00-08 (La.App. 5 Cir. 5/30/00), 762 So.2d 271; and see Young v. Smith, 30,530 (La.App. 2 Cir. 5/13/98), 715 So.2d 479. The record is devoid of a court order or an agreement between the parties concerning rent. Therefore, we pretermit the issue raised by Ms. Manno relating to her amended descriptive list as her claim for rental value reimbursement is statutorily prohibited.
Ms. Manno asserts the trial court erred in failing to classify Hancock Bank account # XXXXXXX as a community asset. Things in the possession of a spouse during the marriage are presumed to be community property, and the burden of overcoming this presumption rests on the party asserting the separate nature of the property. LSA-C.C. art. 2340. The proof of the separate character of the property must be fixed, clear, positive and legally certain. Thomson v. Thomson, 34,353 (La.App. 2 Cir. 1/24/01), 778 So.2d 736. The trial court's findings regarding the nature of the property as community or separate are factual determinations. As such, they are governed by the manifest errorclearly wrong standard of review. Lytal v. Lytal, XXXX-XXXX (La.App. 1 Cir. 11/14/01), 818 So.2d 111, writ denied XXXX-XXXX (La.3/8/02), 810 So.2d 1164.
At trial, Mr. Manno's father, Mr. Jack Manno, Sr., testified that although the Hancock Bank account was opened in Mr. Manno's name, the funds in the account belonged to Mr. Manno, Sr., and were deposited to provide security for his son to obtain an electrical contractor's license. Mr. Manno, Sr. maintained possession of the account statements and checkbook, and he controlled all the activity in the account. At the direction of Mr. Manno, Sr., Mr. Manno periodically wrote a check to his father for the balance in the account, for easy withdrawal by Mr. Manno, Sr. if necessary. Mr. Manno, Sr. also reimbursed Mr. Manno for any income tax liability incurred because of the account.
The trial court found the funds from Hancock Bank account # XXXXXXX were not community property. We cannot say the trial court was clearly wrong in this factual determination.
Ms. Manno also asserts the trial court erred in failing to classify a First USA Visa revolving credit card account balance of $8,858.32 as a community obligation. Obligations incurred by a spouse during the existence of the community property regime are presumed to be community obligations. LSA-C.C. art. 2361. Exceptions include obligations incurred before the community property regime or obligations that are not for the common interest of the spouses or for the interest of the other spouse. LSA-C.C. art. 2363. Once it is shown that an obligation arose during the existence of the community, the presumption set forth in article 2361 may be rebutted only by facts proving the obligation to be separate as defined in article 2363. Anding v. Anding, 32,084 (La.App. 2 Cir. 8/18/99), 740 So.2d 253.
The revolving Visa account was opened by Ms. Manno, in her maiden name, before her marriage. However, the record contains no evidence to establish the exact amount of the balance due at the time of the marriage, the account activity during the six years of marriage, or that charges made on the account during the marriage were not for the Manno's common interest. The trial court's finding that the $8,858.32 due on the revolving credit card account at the time of separation was not a community obligation was without evidentiary support and was clearly wrong. See Ambrose *652 v. New Orleans Police Dept. Ambulance Service, 93-3099 (La.7/5/94), 639 So.2d 216. Therefore, we award Ms. Manno reimbursement for one-half of the amount of her separate property used to satisfy this community obligation, in the sum of $2,779.00, pursuant to LSA-C.C. art. 2365. Utilizing this redesignation and award, the partition is as follows:

TOTAL ASSETS $125,501.62
TOTAL LIABILITIES (111,606.09)
 ___________
NET COMMUNITY $ 13,895.53
 One-half Interest $ 6,947.76
 ALLOCATED TO TONI
 Assets $123,180.17
 Liabilities (111,606.09)
 ___________
 Total Value $ 11,574.08
 ALLOCATED TO JAY
 Assets $ 2,321.45
 Liabilities ( 0.00)
 ___________
 Total Value $ 2,321.45
PARTITION PAYMENT TO JAY $ 4,626.31
 REIMBURSEMENTS
 Due to Jay $ 21,636.03
 4,626.31
 ___________
 $ 26,262.34
 Due to Toni $ 9,754.00
 $ 9,754.00
 ___________
FINAL EQUALIZING PAYMENT DUE TO JAY $ 16,508.34
 ===========

Ms. Manno contends the trial court erred in the sums awarded to her and Mr. Manno for attorney's fees. An obligation for attorney's fees and costs in an action for divorce incurred before the date of the judgment of divorce that terminates the community property regime is a community obligation of that regime. LSA-C.C. art. 2362.1. A trial court has discretion to decide the amount of reasonable attorney's fees, and such factual determinations regarding both the classification of attorney's fees and their reasonableness will not be disturbed in the absence of manifest error. Sims v. Sims, 28,470 (La.App. 2 Cir. 6/26/96), 677 So.2d 663.
Mr. Manno's evidence of his attorney's fees included invoices and cancelled checks. Although Ms. Manno presented several cancelled checks as evidence of her attorney's fees, some pre-dated the filing for divorce or were payable to non-attorneys. In addition, she failed to provide evidence of payment for her claim of $3,500.00 for her trial counsel. Therefore, we find no manifest error in the trial court's awards of attorney's fees.
Ms. Manno also asserts the "vastly different reimbursement" for appraisal fees was error. The trial court awarded Mr. Manno $350.00 and Ms. Manno $125.00. Pursuant to LSA-C.C.P. art. 1920, the trial court may render judgment for costs as it may consider equitable. Considering the parties' stipulation to the appraisal by Mr. Manno's expert, we find no abuse in the trial court's awards for appraisal fees.
*653 In his answer, Mr. Manno seeks judicial interest from the date judgment was rendered. When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due. LSA-C.C. art.2000. Although a party does not pray for interest, a judgment may and should include an award of legal interest where legal authority for such an award exists. Michael v. Michael, 602 So.2d 1099 (La.App. 1 Cir. 1992).
For the reasons set forth in this opinion, we amend the judgment of partition to award a reimbursement to Toni Balsano Manno in the sum of $2,779.00, and to order an equalizing payment from Toni Balsano Manno to Jack Leo "Jay" Manno, Jr. in the sum of $16,508.34. In addition, the judgment is amended to award interest from the date the judgment of partition was rendered. In all other respects, the judgment of the trial court is affirmed. Costs are assessed equally to Toni Balsano Manno and Jack Leo "Jay" Manno, Jr.
AMENDED, AND AFFIRMED, AS AMENDED.
NOTES
[1] Retired Judge William F. Kline, Jr. is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.