LOLLEY, J.
| ,Mark A. Cimino, appearing pro se, appeals a judgment of the Shreveport City Court, Parish of Caddo, State of Louisiana, a portion of which was in favor of Amy Capps, also appearing on appeal pro se. For the following reasons, we affirm the trial court’s judgment.
Facts
Cimino and Capps were involved in a romantic relationship from approximately September 2005 until February 2009, when Capps discovered that Cimino had initiated relations with another woman, identified at trial only as “Lawanda.” Capps testified at trial that she and Cimino ended their relationship primarily as a result of Lawanda. Although Cimino denied that La *575 wanda brought the end to his relationship with Capps, he admitted that Capps caught him being unfaithful and he felt bad about it.
Nonetheless, despite his admitted regret for having hurt Capps by his improper behavior, Cimino brought two lawsuits against her: one for the recovery of $9,836.65 incurred from charges on his Discover Card credit card by Capps (the “Discover Card suit”) and the second for $22,645.44 in connection with a 2009 Toyota Corolla (the “vehicle suit”). In the vehicle suit, Cimino claimed he purchased the vehicle for Capps’ personal use and enjoyment. Cimino also alleged that the funds expended by him on the Discover Card and the vehicle were always intended as loans, and Capps had agreed to reimburse him those amounts. The matters were consolidated at the trial court. Regarding the Discover Card suit, Capps responded that 12the parties had no verbal agreement regarding repayment of the credit card, and that the money spent on the credit card was meant as a personal gift. On the vehicle suit, she answered that the use of the vehicle was a gift intended for her personal use, and Cimino was not entitled to reimbursement.
A trial was conducted in Shreveport City Court on July 21, 2011, presided over by the Honorable Randy Collins. Before rendering judgment on the matter, Judge Collins died. Cimino filed a motion for new trial, which was denied by the Honorable Sheva Sims, who had been elected to fill Judge Collins’ seat. When the parties reconvened on July 31, 2012, Judge Sims noted that she had listened to the audio tapes of the trial, read the transcript, and reviewed all the evidence. Based on that, she determined that the primary issue was whether the charges to the Discover Card and the money expended on the vehicle were gifts or not. She ultimately determined that regarding the Discover Card, because of checks written by Capps to Cimino for repayment of charges, those charges evidently were not intended as gifts. Thus, she awarded Cimino $8,018.00 (with legal interest from the date of judicial demand until paid) on the Discover Card suit. As to the vehicle, however, the trial court noted there was no evidence indicating that it was anything other than a gift. Accordingly, Capps prevailed, Cim-ino’s claim was dismissed, and Capps was awarded attorney fees in the amount of $7,580.00. Cimino now appeals.
| ¡¡Discussion
To date, significant judicial resources have been used in deciding this matter regarding whether monies expended during a romantic relationship gone bad were intended to be gifts of the heart or monetary loans resulting from mere business transactions between the parties. At the trial court, two judges (one now deceased) considered the facts of this case before reaching a judgment, which Cimino argues was partially in error. Now on appeal, three judges are called to consider whether Capps proved that Cimino had the requisite donative intent when he allowed Capps, his former girlfriend, to drive a vehicle he picked out and purchased solely for her benefit. On that issue, we conclude the trial court did not err.
In order to show that a manual gift was made, there must exist strong and convincing proof that a donor had the intent to irrevocably divest himself of a thing and that delivery was made. Crawford v. Reagan, 34,417 (La.App.2d Cir.02/28/01), 779 So.2d 1116; Terrell v. Terrell, 26,863 (La.App.2d Cir.05/10/95), 655 So.2d 600. The donee has the burden of proving dona-tive intent, which is a factual issue. Terrell, supra at 602. Important in proving a manual donation are the donor’s outward acts, together with any admissible evi *576 dence of the relationship of the parties. Crawford, supra at 1121-22. The determination of the existence of donative intent is subject to the manifest error standard of appellate review. Terrell, supra.
Here, we conclude that the trial court made the proper determination regarding whether Cimino had the requisite donative intent to make a gift of 14 the vehicle’s use to Capps. Capps’ testimony regarding the situation surrounding the vehicle certainly indicated that Cimino’s outward acts, considering their close and longstanding relationship, showed he intended to make a donation to her. According to Capps, Cimino was concerned for her safety and wanted her to have a newer model car, especially since she was driving a lot in order to see him. Whereas Cimino claimed that Capps made payments on the car, he offered no proof other than his self-serving testimony. Considering the evidence before it, the trial court did not err in finding that Capps met her burden of proof and the use of the vehicle by Capps and amounts spent by Cimino in that vein were indeed gifts. This finding is more evident when contrasted with the trial court’s conclusion regarding the Discover Card. There, physical evidence existed showing that Capps made some attempt to repay Cimino for the Discover Card, indicating that he may have had some expectation of reimbursement and the charges were not a gift. As to the vehicle, there was no such evidence, and this assignment of error has no merit.
Additionally, Cimino argues that the trial court erred in failing to award him attorney fees in the Discover Card lawsuit, presumably because he was the prevailing party. As a general rule, attorney fees may not be awarded to a successful litigant unless specifically provided for by statute or contract. Campbell v. Melton, 2001-2578 (La.05/14/02), 817 So.2d 69, 80. Here, there was no contract between the parties providing for an award of | ¡¡attorney fees and Cimino is not entitled to such despite being the successful litigant on that claim.[1] This assignment of error is without merit.
Conclusion
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Mark A. Cimi-no.
AFFIRMED.

. Notably, the trial court awarded Capps attorney fees in the vehicle lawsuit, even though there was no stated basis for such an award. Although Cimino has appealed the judgment, he failed to raise the issue of Capps’ award of attorney fees as an assignment of error. Thus, he did not preserve that issue for appeal, and it will not be considered. Accordingly, that portion of the judgment granting attorney fees to Capps is final.