446 So.2d 986 (1984)
Carl J. SCOTT, Plaintiff-Appellant,
v.
CITY OF ALEXANDRIA, Defendant-Appellee.
No. 83-635.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
Arthur Charles Lyons, I, Alexandria, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Gold, Little, Simon, Weems & Bruser, Dee D. Drell, Alexandria, for defendant-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
The sole issue is the quantum of an award for property damage to a 1973 Oldsmobile Cutlass which was damaged in an accident. The trial court awarded $45. The owner appeals contending the car was *987 a total loss and that the award was not enough. We affirm the trial court.
The $45 award was based on evidence of towing charges which the trial court regarded as the only proven property loss. The plaintiff-owner of the Cutlass testified that he bought the car eight months before the accident. When he attempted to testify what he had paid for it as being the measure of its pre-accident value, an objection was properly sustained. He bought the car as an investment for its classic, or antique value. He sold it after the accident for $150. No evidence was presented fixing the value of the car before the accident, or after.
The trial court concluded that this evidence did not establish what the car was worth at the time of the accident, nor was there any evidence, in the form of a repair estimate or otherwise, to establish what it would cost to repair the vehicle or whether it was a total loss. Plaintiff attempted to testify as to what a mechanic had told him regarding the condition of the car after the accident, but this was properly declared inadmissible because it was hearsay. Because of a total lack of evidence to support damages, the trial court limited the award to the towing charge.
Under the particular facts of this case the trial court was powerless to make any other award and we affirm the decision. The accident to the car happened about eight months after its purchase. It may well be that the automobile had a value that approximated its purchase price immediately before the accident. On the other hand, its market value at the time of the accident may have been considerably less than what was paid for it. It may have been a total loss as a result of the accident or it may have been repairable. The relative values before and after the accident are unknown quantities. Some light would have to be shed on these questions before the trial judge could fix the damages owed by the tort-feasor. The information needed by the trial judge could have been produced by witnesses and experts. Plaintiff testified he had a repairman look at the car but this expert was not called to testify.
The appellant relies upon the rule that when it is evident that a plaintiff has suffered damages the trial court is given broad discretion to fix damages even in the absence of certain evidence of the amount of the damages. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971); Green v. Superior Oil Company, 441 So.2d 54 (La.App. 3rd Cir.1983). There is a vast difference between proof certain on the one extreme and no evidence at all on the other. The rule is not applicable where, as here, there is an automobile damage and the evidence of value is readily available but not produced. In such a case, the trial court is justified in declining to rely on the owner's personal opinion of damages as sufficient. See Derouen v. Department of Transportation and Development, 392 So.2d 765 (La.App. 3rd Cir. 1980). The ease of production of the evidence is a proper consideration in determining the burden of proof of the damages.
Before an award made by a trial court can be disturbed on appeal the record must clearly reveal an abuse of discretion. Perniciaro v. Brinch, 384 So.2d 392 (La. 1980). In the review of an award for damages the question is not whether a different award might have been more appropriate but whether the award of the trial court can reasonably be supported by the evidence and justifiable inferences from it. Augustine v. Dickenson, 406 So.2d 306 (La.App. 3rd Cir.1981).
On the basis of this record the award was reasonable and not an abuse of discretion. For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.