457 So.2d 317 (1984)
Inez Hungerford ROMERO, Plaintiff-Appellant,
v.
Ray Emile ROMERO, Defendant-Appellee.
No. 83-915.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
*318 Porterfield & Simmons, John W. Porterfield, Jeanerette, for plaintiff-appellant.
Cecelia A. Bonin, of Landry, Watkins & Bonin, New Iberia, for defendant-appellee.
Before STOKER, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
In the proceedings for the settlement of the community and partition of community property between Inez Hungerford Romero and Ray Emile Romero, arising upon termination of the matrimonial regime, the trial judge made two rulings which the former wife, by this appeal, contests. She claims first, that the court erred in rejecting her claim for reimbursement for certain mortgage payments on the community home after the divorce, and second, that the court erred in ordering a sale by licitation of two pieces of immovable property. We find that the trial judge was correct in the first ruling, and substantially so in the second; we will correct the second ruling with instructions on remand; in most respects, the judgment appealed from is affirmed.
During the marriage, the parties acquired a number of assets including a home in Iberia Parish, property in St. Martin Parish, and a business. In 1980 they separated, the husband sued for a divorce, and the wife petitioned asking for a settlement of the community property by partition by licitation. Before any further formal action was taken in either of these proceedings, the parties sold the business and the money from the sale was divided. The husband obtained a divorce in mid-1980.
The partition suit was heard in 1982. The trial court ruled that the real property, consisting of the family home and the lot in St. Martin Parish, could not be partitioned in kind, and he ordered that it be partitioned by private sale within 90 days of the judgment, which was signed in November 1982. The judgment additionally ordered the parties to file a detailed statement of their claims for reimbursement, together with supporting data, within 15 days of the filing of that judgment. Appellant did not comply with this order; she failed to file a detailed statement of her claims for reimbursement and offered no supporting data.
In February 1983 the trial court ordered both parties to file a statement replying in detail to the respective claims for reimbursement, and also a statement as to the status of the sale of the former home. In May 1983, replying to the wife's claim for reimbursement of the mortgage note payments, the husband filed a pleading urging that her claim should be denied because she failed to make proof of those payments. This was followed in June by the judgment denying the wife's claim for reimbursement of the mortgage payments. The same judgment ordered the partition by licitation of the family home and the lot in St. Martin Parish due to the "unexplained failure of the parties to sell the *319 immovable properties at private sale as ordered by this court in its order of November 15, 1982." The wife's appeal is from this judgment.

REIMBURSEMENT CLAIMS OF WIFE
Appellant's first contention is that she should be reimbursed for the mortgage payments on the community home which she allegedly made to Iberia Savings & Loan Association from the date of the divorce (June 1980) until the mortgage note was paid off (August 1982) by the husband.
A former spouse is entitled to be reimbursed for mortgage payments made on the community home after a legal separation or divorce. Michael v. Michael, 415 So.2d 229 (La.App. 2nd Cir.1982); Kennedy v. Kennedy, 391 So.2d 1193 (La.App. 4th Cir.1980), writ denied 396 So.2d 883 (La. 1981). However, in the present case we find that Mrs. Romero failed to prove that she made these payments. In her testimony she stated only that she was making mortgage payments in December 1980 in the amount of $284 a month, but that she no longer had that expense since her former husband paid off the mortgage note. She never testified that she paid the notes from the date of the divorce until her husband paid off the mortgage note. After the hearing the trial court ordered both parties to submit a detailed statement of their claims for reimbursement with supporting data. She failed to submit any statement or supporting data, such as cancelled checks.
Aside from her failure to submit the required evidence, either as supporting data to the statement demanded by the trial court, or by testimony at the hearing, that she made the monthly payments, there was evidence that for some portion of the disputed time she may not have made the payments, but that they were in fact made by others. The wife testified that she allowed her relatives to live in the house with her, and that she collected the sum of $350 a month for six months from her parents during their stay. From the record it additionally appears that her nephew had been living with her for quite some time. Although Mrs. Romero claimed she did not receive rent payments from him, there was evidence she claimed him as a dependent on her income tax return. The trial court may have considered these factors in denying the wife's claims. The trial court was probably influenced in this finding of fact by the refusal of Mrs. Romero to support her claim for reimbursement with what should have been readily available data.
Under these facts we cannot say that the trial court erred in its denial of reimbursement of the alleged mortgage payments made by the wife. See Scott v. City of Alexandria, 446 So.2d 986 (La.App. 3rd Cir.1984) for an analogous situation where a plaintiff failed to prove his claim by failing to submit readily available evidence.

PARTITION BY LICITATION
Although she initially prayed for a partition by licitation, Mrs. Romero now contends that the trial court was wrong in ordering such a partition of the two community immovables. In our opinion, the trial court was right in ordering a partition by licitation of the more valuable real estate, the family home; wrong in including in the order the smaller piece of land, the value of which renders it subject to allocation.
LSA-R.S. 9:2801 establishes the procedure for the partitioning of community property. This new procedure was in effect at the time of this hearing, Jackson v. Jackson, 425 So.2d 379 (La.App. 3rd Cir. 1982); Simon v. Simon, 421 So.2d 931 (La.App. 4th Cir.1982), writ denied 423 So.2d 1181 (La.1982).
It reads:
§ 2801. Partition of community property and settlement of claims arising from matrimonial regimes
When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising from the matrimonial regime, either spouse, upon termination of the matrimonial regime, may institute *320 a proceeding, which shall be conducted in accordance with the following rules:
(1) Each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. Each party shall affirm under oath that the detailed descriptive list filed by that party contains all of the community assets and liabilities then known to that party. Amendments to the descriptive lists shall be permitted. No inventory shall be required. Upon motion of either party, the court shall set a time limit for the filing of each detailed descriptive list.
(2) Each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. Upon motion of either party, the court shall fix a time limit within which each party shall either traverse or concur. The trial of the traverses may be by summary procedure. At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.
(3) The court may appoint such experts pursuant to Articles 192 and 373 of the Louisiana Code of Civil Procedure as it deems proper to assist the court in the settlement of the community and partition of community property, including the classification of assets as community or separate, the appraisal of community assets, the settlement of the claims of the parties, and the allocation of assets and liabilities to the parties.
(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.
(d) In the event that the allocation of an asset, in whole or in part, would be inequitable to a party, the court may order the parties to draw lots for the asset or may order the private sale of the asset on such terms and conditions as the court deems proper, including the minimum price, the terms of sale, the execution of realtor listing agreements, and the period of time during which the asset shall be offered for private sale.
(e) Only in the event that an asset cannot be allocated to a party, assigned by the drawing of lots, or sold at private sale, shall the court order a partition thereof by licitation. The court may fix the minimum bids and other terms and conditions upon which the property is offered at public sale. In the event of a partition by licitation, the court shall expressly *321 state the reasons why the asset cannot be allocated, assigned by the drawing of lots, or sold at private sale.
At the time of the hearing on the rule for partition by licitation, the community's remaining total assets consisted of $13,856 worth of movable property and $129,000 worth of immovable property. The business had already been sold and the money from the sale divided, a voluntary partition which both parties confirmed at the trial. The inventory showed the immovable property in St. Martin Parish was worth $9,000 and the community home in Iberia Parish was valued at $120,000. The testimony revealed that neither of these properties individually could be partitioned in kind. Based upon this evidence the trial court ordered a private sale.
Considering the value of the community home as compared to the total assets of the community at the time of the hearing, it is clear that the allocation of this asset to one of the parties would be inequitable, and since it could not be partitioned in kind, the trial court was correct in ordering the private sale. The court adequately stated its reasons for ordering the private sale.
Later, when the trial court ordered the partition by licitation of the home, he stated clearly that such procedure was necessary due to the unexplained failure of the property to be sold at private sale. For these reasons, we find that the trial court adequately complied with the provisions of LSA-R.S. 9:2801 in ordering the partition by licitation of the community home.
However, the property in St. Martin Parish was incorrectly ordered partitioned by licitation. This property, valued at only $9,000 compared to the community's total assets of over $142,000, can be allocated to one of the parties, and if the allocation results in an unequal net distribution, the trial court can order the payment of an equalizing sum of money in accordance with LSA-R.S. 9:2801.
Accordingly, the judgment of the trial court denying the wife's claim for reimbursement, and the judgment of the trial court ordering the community home to be partitioned by licitation, are affirmed. That portion of the judgment which ordered the property in St. Martin Parish to be partitioned by licitation is set aside. The case is remanded to the district court for further and final proceedings consistent with this opinion. The costs of this appeal are to be shared equally between the parties.
AMENDED AND AS AMENDED, AFFIRMED.