923 So.2d 786 (2006)
Mildred Luckette CHARLES
v.
Gerald CHARLES.
No. 2005 CA 0129.
Court of Appeal of Louisiana, First Circuit.
February 10, 2006.
Rehearing Denied March 30, 2006.
Kendra F. McCune, Nancy Sue Gregorie, Baton Rouge, Counsel for Plaintiff/Appellant Mildred Luckette Charles.
Gerald Charles, Baton Rouge, Pro Se.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
KUHN, J.
Plaintiff-appellant, Mildred Luckette Charles, appeals a judgment partitioning the assets and liabilities of the former community of acquets and gains between her and defendant-appellee, Gerald Charles, which concluded that all the assets and liabilities were her separate property and ordered her to execute a promissory note to her former husband to offset his entitlement to reimbursement. We reverse and render.

PROCEDURAL AND FACTUAL BACKGROUND
In February 1999, Gerald and Mildred married after having lived together for approximately five years in a house Mildred owned. In March 2002, the parties physically separated. The following month, Mildred sought spousal support but *787 did not initiate divorce proceedings. In October 2002, Gerald filed a petition for divorce, which was granted by a judgment signed in December 2002.
Mildred subsequently filed a petition to partition the property of the former community. Gerald did not file a responsive pleading. After Gerald failed to file a sworn descriptive list of the assets and liabilities of the community, a hearing was held on Mildred's rule to show cause, which sought an order to have her sworn detailed descriptive list be deemed to constitute a judicial determination of the community assets and liabilities. Gerald appeared without legal representation at the April 6, 2004 hearing on Mildred's rule. Having determined that Gerald had been duly served with the community partition pleading, the trial court granted Mildred the requested relief. The judgment rendered in conformity with the trial court's April 6, 2004 ruling ordered that "the Detailed Descriptive List filed by Mildred Charles is deemed to be a judicial determination of the community assets and liabilities."
A trial on the merits of the community partition was held on July 14, 2004, in which testimonial and documentary evidence was adduced. Gerald again appeared without legal representation. The trial court rendered a judgment on October 21, 2004, which concluded that the former community consisted of no assets and no liabilities. The judgment declared that Mildred owed Gerald reimbursement in the amount of $9,742.42 from her separate funds for payments made by the community on Mildred's separate obligations and for the benefit of her separate property. The trial court additionally ordered that Mildred execute a promissory note in that amount she owed Gerald for reimbursement. Mildred appeals.

DISCUSSION
According to La. R.S. 9:2801 A,
When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:
(1)(a) Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. For good cause shown, the court may extend the time period for filing a detailed descriptive list. If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing a sworn detailed descriptive list. If the court grants the request, no traversal shall be allowed. (Emphasis added.)
In this case, when Gerald failed to timely file his sworn descriptive list, after a hearing, the trial court granted Mildred's request that her sworn detailed descriptive list be deemed to constitute a judicial determination of the community assets and liabilities. Therefore, at the July 14, 2004 hearing, a traversal to the trial court's *788 April 6, 2004 judicial determination was statutorily precluded.
According to the amended sworn descriptive list, the community assets consisted of a 2000 Silverado truck and a patio cover. The community liabilities Mildred included in her detailed descriptive list were a Bank One truck loan and a Hibernia Bank home mortgage. Because the trial court had deemed at the April 6, 2004 hearing that Mildred's sworn detailed descriptive list constituted a judicial determination of the community assets and liabilities, at the trial on the merits, the only issues before the trial court were the valuation of the 2000 Silverado truck and the patio cover, the distribution of these assets, the distribution of the Bank One and Hibernia Bank loans, any resulting equalizing payment that may have been due subsequent to the partition, see La. R.S. 9:2801 A(4), and Mildred's claim for reimbursement.[1] Thus, the trial court committed legal error when it rendered a judgment after the July 14, 2004 hearing, which purported to address a traversal of the assets and liabilities listed in Mildred's sworn descriptive list since those had already been deemed to be a judicial determination of the community assets and liabilities. Gerald did not seek appellate review of the trial court's April 6, 2004 ruling, or its subsequent judgment rendered on August 25, 2004, and in this appeal by Mildred has not raised any contentions addressing the propriety of the trial court's reclassification of the assets and liabilities subsequent to the judicial determination. Accordingly, because the trial court committed legal error, its October 21, 2004 judgment is reversed, and we conduct a de novo review of the evidence in this partition proceeding.
Louisiana Revised Statute 9:2801 A provides in relevant part:
(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
(d) In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.
*789 Applying these provisions, the assets and liabilities of the former community of the parties are partitioned as follows.

 Mildred Luckette Charles
A. Assets Value
 1. 2000 Silverado truck $11,000.00
 2. patio cover $ 800.00
 __________
 Total Assets $11,800.00
B. Liabilities Value
 1. Bank One truck note (balance
 through June 30, 2004) $10,068.00
 2. Hibernia Bank home mortgage
 (balance through June
 15, 2004) $34,403.00
 __________
 Total Liabilities $44,471.00
 Net loss - $32,671.00
 Gerald Charles
A. Assets Value
 none $0
 Total Assets $0
B. Liabilities Value
 None $0
 Total Liabilities $0
 Net $0

The resulting division of the property is as follows.

Net: Mildred Charles - $32,671.00
 + 16,335.50
 - $16,335.50
Net: Gerald Charles $ 0
 - 16,335.50
 - $16,335.50

Accordingly, to equally divide the assets and liabilities of the community, Gerald owes Mildred $16,335.50.
We turn now to Mildred's claim for reimbursement for the sum of $1,500.00, representing one-half the amount she claims she paid on the Bank One truck note from her separate property.
Louisiana Civil Code Article 2365 provides:
If separate property of a spouse has been used to satisfy a community obligation, that spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. The liability of a spouse who owes reimbursement is limited to the value of his share in the community after deduction of all community obligations.
Nevertheless, if the community obligation was incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, and education of children of either spouse in keeping with the economic condition of the community, the spouse is entitled to reimbursement from the other spouse regardless of the value of that spouse's share of the community.
The burden of proof is on the party claiming reimbursement. Maginnis v. Maginnis, 580 So.2d 709, 711 (La.App. 1st Cir.), writ denied, 588 So.2d 111 (La.1991).
Mildred testified that from her savings prior to the time the parties married, she paid $3,000.00 toward the acquisition of the 2000 Silverado truck. Gerald stated that he did not know what Mildred had paid toward the purchase of the truck. It is clear from the record that the truck was used by Mildred in the performance of her duties related to maintenance of the community. Thus, the Bank One truck note a community obligation  was incurred for the ordinary and customary expenses of the marriage, and Mildred is entitled to reimbursement from Gerald despite the value of his share of the community after deduction of all community obligations. See La. C.C. art. 2365. Accordingly, Mildred is owed one-half the separate property she applied toward acquisition of the 2000 Silverado truck, or $1,500.00.

DECREE
For these reasons, the trial court's judgment is reversed. We render judgment awarding to Mildred the truck and the patio cover as well as the liability on the *790 Bank One truck note and the Hibernia Bank home mortgage. Gerald is ordered to pay to Mildred an equalizing sum of $16,335.50 as well as $1,500.00 on her claim for reimbursement for the use of her separate property to satisfy a community property obligation. Appeal costs are assessed to Gerald Charles.
REVERSED AND RENDERED.
NOTES
[1] Gerald, who did not file any responsive pleadings to Mildred's petition for partition, has never raised a reimbursement claim.