STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-541


THOMAS C. WILLIAMS

VERSUS

JOYCE B. WILLIAMS


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 186,934
HONORABLE GEORGE C. METOYER, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Marc T. Amy, Michael G. Sullivan, and James T. Genovese,
Judges.


**AFFIRMED.**

Malcolm X. Larvadain
Edward Larvadain, Jr. & Associates
626 Eighth Street
Alexandria, Louisiana 71301
(318) 445-3533
Counsel for Plaintiff/Appellant:
        Thomas C. Williams

Eugene P. Cicardo, Jr.
Attorney at Law
Post Office Box 1128
Alexandria, Louisiana 71309
(318) 445-2097
Counsel for Defendant/Appellee:
        Joyce Williams

**SULLIVAN, Judge.**

Thomas C. Williams appeals that portion of a November 29, 2006 Judgment of Partition which ordered him to pay his former wife, Joyce B. Williams, reimbursement in the amount of $7,000.00. For the following reasons, we affirm.

## FACTS

Thomas Williams and Joyce Williams were married on May 16, 1987. Two children were born of the marriage. Thomas Williams filed a Petition for Divorce on February 3, 1997. Joyce Williams answered the petition and filed a reconventional demand seeking, among other things, use and occupancy of the family residence. Pursuant to a stipulated judgment, Joyce Williams was awarded the use and occupancy of the family residence and its contents. She was ordered to pay the monthly mortgage payments on the residence pending partition of the community. A Judgment of Divorce was rendered on April 7, 1998.

On November 17, 2003, Joyce Williams filed a Petition for Judicial Partition of Community Property. An order was signed on November 24 directing Thomas Williams to file a detailed descriptive list of all the community property assets and liabilities within 45 days.[1]

Joyce Williams filed a sworn detailed descriptive list on June 14, 2006. Mr. Williams was served with that pleading on June 21, 2006. He did not file a motion to traverse, nor did he file his own sworn detailed descriptive list. On August 22, 2006, Joyce Williams motioned the trial court to deem her detailed descriptive list a judicial determination of the community of assets and liabilities between her and her ex-husband. Following a hearing, judgment was rendered on

---

[1]The order is silent as to what year it was signed, but there is a stamp at the bottom of the order indicating that it was filed and recorded on December 1, 2003.

1

September 25, 2006 declaring the sworn detailed descriptive list filed by Joyce Williams a judicial determination of the community formerly existing between the parties.[2]

Joyce Williams then filed a motion to set the matter for trial. On November 20, 2006, trial was held as to the allotment of community property. The trial court ruled in open court that Joyce Williams would be awarded the former matrimonial home along with the household goods contained therein, together with all rights to her retirement with the State of Louisiana. In addition, judgment was rendered in favor of Joyce Williams and against Thomas Williams in the amount of $7,000.00, together with legal interest. A written judgment of partition was rendered on November 29, 2006. Thomas Williams filed a motion for appeal on December 27, 2006.

## LAW AND DISCUSSION

Louisiana Civil Code Article 2365 provides in relevant part:

> If separate property of a spouse has been used to satisfy a community obligation, that spouse, upon termination of the community property regime, is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used. The liability of a spouse who owes reimbursement is limited to the value of his share in the community after deduction of all community obligations.

A former spouse is entitled to reimbursement for mortgage payments made on the community residence after a legal separation or divorce. *Romero v. Romero*, 457 So.2d 317 (La.App. 3 Cir. 1984).

The burden of proof is on the party seeking reimbursement to show that separate funds existed and that those funds were used to satisfy a community obligation. *Salsbury v. Salsbury*, 27,062 (La.App. 2 Cir. 6/21/95), 658 So.2d 734.

---

[2]Thomas Williams filed a motion to devolutively appeal the September 25, 2006 judgment on November 8, 2006, which the trial court granted. That appeal was dismissed, upon motion of Thomas Williams, by order dated February 26, 2007.

In his sole assignment of error, Thomas Williams asserts that the trial court was clearly wrong in awarding Joyce Williams a reimbursement claim in the amount of $7,000.00. More specifically, he claims that Joyce Williams did not meet her burden of proof with regard to her reimbursement claim because she failed to produce written documentation establishing the amount that she paid to satisfy the mortgage payments and because she failed to specifically state that she used her separate funds to pay the mortgage.

Joyce Williams counters that the trial court was correct in using the Judicial Determination of the Assets and Liabilities formerly existing between the parties in determining the amount of her reimbursement claim. In addition, Joyce Williams requests that this court amend the judgment of partition to correct, what she refers to as, a clerical error and change the amount of the judgment rendered against Thomas Williams from $7,000.00 to $7,300.00, the amount that the trial court stated that it was awarding in the transcript of the November 20, 2006 partition trial.

Louisiana law provides a procedure for a former spouse to have their sworn detailed descriptive list deemed a judicial determination of the community assets and liabilities if the other spouse fails to file their own detailed descriptive list. La.R.S. 9:2801(A).[3] At the contradictory hearing requested by Joyce Williams, Thomas

---

[3]Louisiana Revised Statutes 9:2801 provides in pertinent part:

(A) When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:

(1)(a) Within forty-five days of service of a motion by either party, each party

Williams presented the trial court with a document entitled "Community Assets - Items of Property and Location." Therein, Thomas Williams sought an explanation as to the amount of maintenance that Joyce Williams claimed she had expended on the family residence as well as the amount of reimbursement that she claimed was due. Although the document was not sworn and it had not been filed into the record, the trial court allowed the document to be admitted as an exhibit. Nonetheless, the trial court cautioned Thomas Williams that he was at a disadvantage because of his lack of representation and explained that he would be stuck with what happened if he failed to file pleadings within the prescribed time frame. At the close of the hearing, the trial court orally ruled that Joyce Williams's sworn detailed descriptive list was being judicially recognized as the community of assets and liabilities; it noted, however, that Thomas Williams would be able to offer some input as to how the items on the list would be divided at trial on the merits.

Both Thomas and Joyce Williams were represented by counsel at the November 20, 2006 partition trial. When asked by the trial court if he was interested in the house and assuming the mortgage, Thomas Williams answered in the negative. He testified that he had not made any mortgage payments since 1997. As stated previously, the parties were divorced by judgment dated April 7, 1998.

---

shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities. For good cause shown, the court may extend the time period for filing a detailed descriptive list. If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing a sworn detailed descriptive list. If the court grants the request, no traversal shall be allowed.

According to the detailed descriptive list filed by Joyce Williams and deemed a judicial determination of the community, she had made mortgage payments to Midland Mortgage Company since April 8, 1998. She had also expended $1,682.62 on maintenance and upkeep of the residence since the date of her divorce. Joyce Williams stated affirmatively on the record that she had made all of the payments on the mortgage since 1998. Upon cross-examination by counsel for Thomas Williams, Joyce Williams testified that she was having repair work done on the house. She was not questioned about her claim for reimbursement or how she arrived at any of the amounts listed on her detailed descriptive list. Before setting the amount of reimbursement due, the trial court specifically asked Thomas Williams if there was anything that he cared to add to the discussion. He again replied in the negative. The trial court then set the amount of reimbursement due at $7,300.00, with costs to be split.

The cases cited by Thomas Williams are not dispositive of the issue before us today because none involved a situation where the detailed descriptive list of one former spouse had been deemed a judicial determination of the community of assets and liabilities. *See Salsbury*, 658 So.2d 734; *Rogers v. Rogers*, 94-541 (La.App. 5 Cir. 12/9/94), 649 So.2d 7; *McElwee v. McElwee*, 93-1010 (La.App. 1 Cir. 8/17/94), 649 So.2d 975; and *Romero*, 457 So.2d 317.

On the other hand, in the cases cited by Joyce Williams, the trial court in both instances had deemed the detailed descriptive list filed by one of the former spouses to be a judicial determination of the community of assets and liabilities after the other spouse had failed to timely file their own detailed descriptive list. *See Gauthier v.*

5

*Gauthier*, 04-198 (La.App. 3 Cir. 11/10/04), 886 So.2d 681 and *Charles v. Charles*,

05-129 (La.App. 1 Cir. 2/10/06), 923 So.2d 786.

In *Gauthier*, 886 So.2d at 688,[4] this court held:

> [O]nce the court had adopted Ms. Gauthier's list as the judicial determination of the community property, Mr. Gauthier could not traverse that list. La.R.S. 9:2801. Thus, the trial court did not abuse its discretion in concluding that the evidence was sufficient to support the judgment, since Ms. Gauthier's list represented the entire body of evidence the initial trial court could consider.

Similarly in *Charles*, 923 So.2d at 788, the first circuit stated:

> Because the trial court had deemed at the April 6, 2004 hearing that Mildred's sworn detailed descriptive list constituted a judicial determination of the community assets and liabilities, at the trial on the merits, the only issues before the trial court were the valuation of the 2000 Silverado truck and the patio cover, the distribution of these assets, the distribution of the Bank One and Hibernia Bank loans, any resulting equalizing payment that may have been due subsequent to the partition, see La. R.S. 9:2801 A(4), and Mildred's claim for reimbursement.

Despite the fact that the trial court had previously deemed the detailed

descriptive list filed by Joyce Williams a judicial determination of the community,

Thomas Williams was free to challenge the reimbursement claim of his former wife

at the November 20, 2006 partition trial. He produced no countervailing evidence at

the trial to dispute Joyce Williams's claim that she had paid all the mortgage

payments due on the family residence, along with all maintenance and upkeep, since

the date of the divorce. Likewise, his attorney did not cross-examine Joyce Williams

regarding the source of the funds that she used to pay the aforementioned community

debts.

---

[4]While we are cognizant that the following quote is located in the portion of the opinion discussing whether the trial court should have granted Mr. Gauthier's motion for new trial, thus explaining the "abuse of discretion" standard referred to by the court, we nonetheless find the language relevant to the issue presented in this appeal.

Joyce Williams's burden of proof regarding her claim for reimbursement at the partition trial was satisfied by her having utilized the procedural vehicle of having her detailed descriptive list deemed a judicial determination of the community. Louisiana Revised Statutes 9:2801 affords the trial court broad discretion in resolving community property disputes. *Crais v. Crais*, 98-1477 (La.App. 4 Cir. 1/13/99), 737 So.2d 785, *writ denied*, 99-763 (La. 5/14/99), 741 So.2d 668. Moreover, the judgment of a trial court is presumed correct, absent any record evidence indicating to the contrary. *Steinhoff v. Steinhoff*, 03-24 (La.App. 3 Cir. 4/30/03), 843 So.2d 1290. In view of the fact that Thomas Williams failed to file a scintilla of competent evidence into the record after his former wife petitioned the trial court to judicially partition the community, we cannot say that the trial court was manifestly erroneous or clearly wrong in concluding that the evidence was sufficient to support an award of $7,000.00 in favor of Joyce Williams on her claim for reimbursement.

Finally, because Joyce Williams did not answer this appeal or file an appeal herself, we are unable to increase the judgment to reflect the amount that the trial court obviously intended to award her in reimbursement. La.Code Civ.P. art. 2133; *Smith v. Municipality of Ferriday*, 05-755 (La.App. 3 Cir. 2/1/06), 922 So.2d 1222, *writ denied*, 06-934 (La. 9/29/06), 937 So.2d 860.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Thomas Williams is cast with all costs of this appeal.

**AFFIRMED.**

7