*1096
 
 MICHAEL E. KIRBY, Judge.
 

 liThe Succession of Maureen Palmer Favret (formerly Richard) appeals the trial court judgments of February 1, 2010 and March 12, 2010 relating to the partition of community property owned by the late Maureen Favret and her former spouse, Michael Richard. For reasons that follow, we affirm.
 

 Maureen and Michael Richard were married on June 7, 1985, and a judgment of divorce was rendered on November 5, 2001. According to the petition for divorce filed by Maureen Richard, six children were born of the marriage. Shortly after their divorce was granted, the parties filed detailed descriptive lists of the assets and debts that existed during the community property regime. Maureen Richard filed an amended detailed descriptive list in 2006, and listed certain items as community property and others as separate property.
 

 Maureen Favret passed away in January 2009, before the community property between her and Michael Richard had been partitioned. The Succession of Maureen Palmer Favret was substituted as party plaintiff for Maureen Richard, with her sister, Melanie Palmer, appearing on behalf of the Succession as the duly 12appointed representative of her late sister’s estate. The parties filed additional detailed descriptive lists, and trial was held on the partition of community property on October 15, 2009.
 

 On February 1, 2010, the trial court rendered judgment partitioning the community property between the late Maureen Favret and Michael Richard. The trial court also issued lengthy written reasons for judgment. On March 12, 2010, the trial court rendered an amended judgment to address the issue of the proceeds from the sale of the former family home. This issue had been omitted from the February 1, 2010 judgment. The Succession of Maureen Palmer Favret appealed both the February 1, 2010 and March 12, 2010 judgments, asserting four assignments of error.
 

 In the first assignment of error, the Succession argues that the trial court erred in concluding that it was not entitled to reimbursement for use of separate funds to pay community debts (i.e. the support, maintenance and/or education of the children of the marriage.) This argument stems from the Succession’s claim that Maureen Favret used a substantial portion of a large inheritance she received from her aunt for the support, maintenance and/or education of the children of the marriage between her and Michael Richard. Specifically, the Succession has alleged that Maureen Richard used $336,000.00 from the inheritance plus $60,000.00 from separate trust funds to pay for community expenses.
 

 Louisiana Civil Code Article 2365 states, in pertinent part:
 

 |Jf separate property of a spouse has been used either during the existence of the community property regime or thereafter to satisfy a community obligation, that spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used.
 

 The burden of proof is on the party claiming reimbursement.
 
 Corkern v. Corkern,
 
 2005-2297, p. 10 (La.App. 1 Cir. 11/3/06), 950 So.2d 780, 787, citing
 
 Charles v. Charles,
 
 2005-0129, p. 7 (La.App. 1 Cir. 2/10/06), 923 So.2d 786, 789. A trial court’s findings as to whether reimbursement claims have been sufficiently established are reviewable under the manifest error standard.
 
 Id.
 

 The trial court denied the Succession’s reimbursement claim for separate funds
 
 *1097
 
 expended for community obligations. The trial court found that the Succession failed to provide sufficient proof to substantiate its reimbursement claim.
 

 The trial court noted that counsel for the Succession presented a bench book containing numerous documents but did not formally introduce any of the documents into evidence. Deborah Rollo, a CPA, testified for the Succession, and said she reviewed cancelled checks. However, her conclusory statement that Maureen Favret used inherited funds to pay for expenses related to the children was not supported by any documents introduced into evidence. After reviewing the record, we cannot say that the trial court was manifestly erroneous in finding that the Succession did not sufficiently establish its reimbursement claim.
 

 The second argument of the Succession is that the trial court erred in denying its motion to supplement the record on January 29, 2010, after allegedly 14giving explicit permission to counsel for both parties to substitute copies for originals offered at trial. The Succession filed a motion to supplement the record with sixteen exhibits that it claimed were offered into evidence at trial but omitted from the record. Michael Richard opposed the Succession’s motion, stating his objection to any exhibits that were not previously offered, introduced, filed and marked for identification prior to submission of all issues to the trial court. The trial court denied the Succession’s motion to supplement the record without reasons.
 

 The record reveals that the Succession did not properly introduce any exhibits at trial on the partition. The trial court’s statement at the conclusion of trial allowing the substitution of copies for the originals of exhibits applied only to Michael Richard in this case because he was the only party who properly introduced exhibits at the trial. Because the Succession did not properly offer its exhibits at trial, the trial court was correct in denying its motion for supplement the record with exhibits.
 

 In its third assignment of error, the Succession argues that the trial court erred in not accepting the spreadsheet offered by its Certified Public Accountant under La. Rule of Evidence Article 1006, which states as follows:
 

 The contents of otherwise admissible voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a [¡^reasonable time and place. The court may order that they be produced in court.
 

 The record reveals that counsel for the Succession did not properly offer the spreadsheet at issue into evidence at trial. During the testimony of Michael Richard, counsel for the Succession stated: “Mr. Richard, I’m going to show you sort of a spreadsheet beginning 2001 through 2008.” Counsel for Mr. Richard objected to the relevancy of the spreadsheet, arguing that it did not accurately reflect the extraordinary expenses at issue in this case. The trial court indicated she would not rule on the objection at that time, but told counsel for the Succession: “But I will say that if you have the spreadsheet, you are going to introduce the supporting documentation as well.” Counsel for the Succession stated: “We will be happy to do that.”
 

 During the testimony of Deborah Rollo, the CPA who prepared the spreadsheet, counsel for the Succession asked questions regarding the items on the spreadsheet and then stated: “And Judge, I believe,
 
 *1098
 
 you know, we have authenticated the spreadsheet here of the expenses, and I hate to do that to you, but we will give you the cancelled checks unless — While the trial court indicated that she wanted to see the cancelled checks and spreadsheet, at no time did counsel for the Succession properly introduce these items into evidence during the trial.
 

 Evidence not properly and officially offered and introduced into evidence cannot be considered, even if it is physically placed in the record.
 
 L.S. Huckabay, M.D. Memorial Hosp., Inc. v. KPMG Peat Marwick, LLP,
 
 36,775, p. 27 (La.App. 2 Cir. 4/9/03), 843 So.2d 1186, 1201, citing
 
 Touzet v. Mobley,
 
 612 So.2d 890 (La.App. 5 Cir.1993). Because the Succession did not introduce the spreadsheet into evidence, the trial court was not given the opportunity to rule on the introduction of this evidence. Therefore, the Succession’s argument that the trial court erred in “not accepting” the spreadsheet is without merit.
 

 In its fourth and final assignment of error, the Succession argues that the trial court erred in finding that Mr. Richard’s business, Miracle Envelope and Specialty Papers, L.L.C., formed after the petition for divorce was filed was not the “alter ego” of the business, Miracle Envelope, L.L.C., which was formed and operated during the existence of the marriage and community property regime. In the judgment on the partition, the trial court classified Miracle Envelope and Specialty Papers, L.L.C. as Michael Richard’s separate property. The Succession argues that Michael Richard transformed the community entity of Miracle Envelope, L.L.C. to Miracle Envelope and Specialty Papers, L.L.C. for the sole purpose of avoiding compensating his former wife for her half of the company’s value.
 

 A trial court’s finding regarding the nature of property as community or separate is a factual determination subject to manifest error review.
 
 Ross v. Ross,
 
 2002-2984, p. 18 (La.10/21/03), 857 So.2d 384, 395. At trial, Michael Richard testified that his former business, Miracle Envelope, L.L.C., was started in 1998 and was dissolved in December 2001. The Articles of Organization for his current business, Miracle Envelope and Specialty Papers, L.L.C., were filed with the | .^Louisiana Secretary of State on October 23, 2002, after the termination of the community.
 

 Mr. Richard testified that his current company does business with only three or four of the fifteen vendors with whom he did business at his former company. He stated that his former business sold only printed envelopes whereas his current business sells a variety of printed items including envelopes. He established a new bank account and a new tax identification number for his current business. Mr. Richard’s CPA, John Michael Flynn, III, testified that the use of the same tax identification number on the tax returns for Mr. Richard’s former and current businesses was an oversight on the part of his accounting firm. In contrast to Mr. Richard’s testimony, Melanie Palmer testified that the products sold through Mr. Richard’s current business are identical to the products sold at his former business, which was a division of a business owned by the Palmer family called A to Z Paper.
 

 Based on the evidence and testimony presented at trial, the trial court found that Miracle Envelope and Specialty Papers, L.L.C. is a separate entity formed after the termination of the community and, therefore, is Mr. Richard’s separate property. We find no manifest error in the trial court’s conclusion on this issue.
 

 
 *1099
 
 For the reasons stated above, we affirm the trial court judgment.
 

 AFFIRMED