**TAMARA DENICE BROWN**

**VERSUS**

**STEVEN BROWN**

**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**THIRTY-SIXTH JUDICIAL DISTRICT COURT**
**PARISH OF BEAUREGARD, DOCKET NO. C-2007-0614**
**HONORABLE MARTHA ANN O'NEAL, PRESIDING**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, Marc T. Amy, James T. Genovese and D. Kent Savoie, Judges.

**REVERSED AND RENDERED.**

**Amy, J., dissents and assigns reasons.**

**Savoie, J., concurs, in part, and dissents, in part.**

William A. Keaty, II
John W. Tilly
Keaty & Tilly, LLC
2701 Johnston Street, Suite 303
Lafayette, LA  70503
(337) 347-8995
**ATTORNEY FOR DEFENDANT/APPELLANT**
  Steven Brown


Mitchell M. Evans, II
416 North Pine Street
DeRidder, LA  70634
(337) 462-5225
**ATTORNEY FOR PLAINTIFF/APPELLEE**
  Tamara Denice Brown

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Steven Brown and Tamara Brown were married in Lafayette, Louisiana on August 27, 2005. Shortly after marrying, they moved to Leesville, Louisiana. Steven was a member of the United States Army and was deployed to Iraq during the marriage. Prior to his deployment, Steven executed a Power of Attorney in favor of Tamara.

According to Steven, he revoked the Power of Attorney before Tamara used it to sell any property. Tamara was notified by letter and electronic communication of the revocation. Steven maintained, while he was still deployed in Iraq, Tamara, used the revoked Power of Attorney to sell a house Steven had previously purchased in DeRidder for the amount of $43,000.00. Tamara kept the money and left Steven before he returned from Iraq. Steven also alleged Tamara took his 2003 Cadillac STS, which he claims was his separate property because it was purchased before the marriage. Steven also asserted Tamara removed almost all of the movables from the community home in Leesville where they resided.

On July 3, 2007, Tamara filed a Petition for Divorce. A Judgment of Divorce was entered on September 14, 2009, which in part ordered the "community aquets and gains be regulated to another date in accordance with La.R.S. 9:2801." The judgment also ordered "all other matters in connection with the community property and reconciliation be defer [sic] to another date."

As part of the divorce proceedings, Steven filed a Sworn Detailed Descriptive List of Community Property on July 16, 2009. Tamara did not file a list. On December 22, 2010, a hearing was held wherein the trial court ordered Steven's Sworn Detailed Descriptive List be judicially accepted.

In Steven's Sworn Detailed Descriptive List, a community home was listed, along with the community movables Steven could recall. Two reimbursement

2

claims were listed, one relating to the sale of the house in DeRidder and the other relating to the 2003 Cadillac STS. Steven maintained both the house in DeRidder and the Cadillac were his separate property.

A Motion to Partition Community Property was filed on April 21, 2011, and after several continuances, the motion was heard on June 24, 2015. Steven claimed he was unable to locate Tamara. Therefore, the trial court appointed a Curator to locate her and represent her in this matter. The only witness to testify at the hearing was Steven, who claimed Tamara had taken all other community property. He also testified Tamara had sold the house in DeRidder while he was deployed, kept the proceeds, and was in possession of the Cadillac. He requested reimbursement for those items, and desired full ownership of the community home. On cross-examination by the Curator, Steven Brown reiterated the immovable property sold was his separate immovable property.

At the conclusion of the hearing, the trial court gave an oral ruling. Each party was deemed to have full ownership of any movables in their possession, Steven was granted full ownership of the community home and Steven's claims for reimbursement were denied.

This appeal followed, wherein Steven asserts the trial court erred in denying the reimbursement claims. He argues the only evidence in the record, his testimony and the Sworn Detailed Descriptive List, clearly establish a claim for reimbursement. For the following reasons, we agree and find the trial court erred in denying Steven's claims for reimbursement.

**ANALYSIS**

The trial court's judgment provided that each party be granted ownership of the movables in their possession as of June 24, 2015, Steven be granted full ownership of the community home and that neither party owed any reimbursement to the other. At issue in this appeal is the trial court's refusal to grant Steven's

claims for reimbursement. The trial court gave the following oral reasons for denying Steven's claims for reimbursement:

> I'm not going to order that there be an amount reimbursed to Mr. Brown from her. I am not granting a money judgment in his favor as part of the community property because I have not seen a deed. I don't know the date of the community – that wasn't proven to me. I heard testimony here today and we accepted the list, but he still has to make a prima facie case. So what the Court is saying is that even if [it] were not separate, if it were community he still owed $30,000 and he has had the exclusive use and benefit from the home – a number of different things play into this at the time between 2009 and 2015. . . That's why each party keeps all possessions and part of this is that the reimbursement claim is resolved.

The trial court's ruling indicates it believed Steven did not make his prima facie case of proving the immovable property was his separate property. Apparently, the trial court also believed Steven's exclusive use and benefit of the community home from 2009 through 2015 was of such benefit that it should preclude his reimbursement claims. We find both these conclusions erroneous.

Louisiana Revised Statutes 9:2801 sets forth the rules for partitioning community property and determining a party's reimbursement claims, and provides in pertinent part:

> A.      When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:
>
> (1)(a)    *Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of each asset, and all community liabilities.* For good cause shown, the court may extend the time period for filing a detailed descriptive list. *If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities.* At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time

4

period for filing a sworn detailed descriptive list. If the court grants the request, no traversal shall be allowed.

The record is clear Steven timely filed a Sworn Detailed Descriptive List. Tamara did not file a Detailed Descriptive List, and she (or the Curator appointed to represent her interests) has never made any attempt to do so. Steven filed a motion to make his List the order of the court and the trial court granted this motion. Therefore, Steven's List was judicially accepted, and as such, the only remaining issues before the trial court are valuation, distribution of the assets, equalizing payments and reimbursement claims. See *Williams v. Williams*, 07-541 (La.App. 3 Cir. 10/31/07), 968 So.2d 1234. As Steven notes, the classification of property as community or separate is not one of the issues this court in *Williams* stated was reviewable by the trial court.

Tamara (or her Curator) did not seek review of the trial court's order accepting Steven's Sworn Detailed Descriptive List. Tamara did not file a motion to traverse nor was she entitled to a traversal. *See Gauthier v. Gauthier*, 04-198 (La.App. 3 Cir. 11/10/04), 886 So.2d 681, *writ not considered*, 04-3019 (La. 2/18/05), 896 So.2d 15. This left Tamara only the right to appear at trial and present evidence and argument concerning the items listed on Steven's Sworn Detailed Descriptive List and Amended List. *Id.*

Recently, in *Williams*, 968 So.2d 1234, another panel of this court, relying on *Gauthier*, 886 So.2d 681, and *Charles v. Charles*, 05-129 (La.App. 1 Cir. 2/10/06), 923 So.2d 786, reiterated the constraints placed upon the party who fails to file its own Detailed Descriptive List timely and leaves in place the trial court ruling making the other spouse's List the order of the court.

The law is clear that *Gauthier* does not require any further evidence to establish the nature of the property in question other than the judicially accepted detailed descriptive list. Thus, the trial court erred in its ruling that Steven failed to

5

prove a prima facie case that the immovable property was his separate property. Although Steven contends his testimony was sufficient to establish a prima facie case, it was not necessary. Once the detailed descriptive list was judicially accepted, and Tamara did not challenge this acceptance, she lost her ability to traverse the list and contest the classification of the property. There is no legal authority for the trial court's implication that a deed is required to establish the property in question as Steven's separate property. The trial court erred in ignoring the only evidence in the record, Steven's judicially accepted Sworn Detailed Descriptive List, which established the immovable property was Steven's separate property.

The trial court also erred in refusing to award the reimbursement claims made by Steven because he had the exclusive use and benefit of the community home since 2009. As Steven notes, no reimbursement claim for Steven's exclusive use of the community home was raised by Tamara in her Petition for Divorce or in any proceedings that followed. Therefore, the trial court should not have considered this as a factor in reducing or denying Steven's reimbursement claims. We also note Steven paid the mortgage notes, insurance and all other expenses related to the maintenance of the home.

In this case, Steven's Sworn Detailed Descriptive List was judicially accepted. The Sworn Detailed Descriptive List set the value of the immovable property at $43,000.00, and Steven additionally testified Tamara sold the immovable property for $43,000.00. The Sworn Detailed Descriptive List also set the value of the 2003 Cadillac STS at $17,500.00. The curator appointed to represent Tamara did not challenge either of these amounts. As this court held in *Gauthier*, 886 So.2d 681, 688, a judicially accepted sworn detailed descriptive list is sufficient to support the judgment, "since [the] list represented the entire body of evidence the initial trial court could consider." Thus, we will award Steven

6

$43,000.00 as reimbursement for the immovable property, and $17,500.00 as reimbursement for the 2003 Cadillac STS.

### DECREE

For the foregoing reasons, we reverse the judgment of the trial court finding Steven Brown failed to prove a prima facie case regarding his separate property. For the reason set forth above, we award Steven Brown $43,000.00 as reimbursement for the sale of his separate immovable property and $17,500 as reimbursement for the 2003 Cadillac STS.

**REVERSED AND RENDERED.**

NUMBER 16-31

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

TAMARA DENICE BROWN

VERSUS

STEVEN BROWN

AMY, J., dissenting.

I respectfully dissent from with the majority opinion as I find that an affirmation is appropriate.

Louisiana Revised Statutes 9:2801(A)(1)(a) indicates that a party may seek a rule to have its detailed descriptive list accepted as a judicial determination "of the *community* assets and liabilities." The trial court's ruling addressed Mr. Brown's evidence of the claim for *reimbursement* as it related to allegedly separate property. Thus, the subject liability at issue, i.e., reimbursement, was not apparently one of the community, rather it must be viewed as one for Ms. Brown alone.

Accordingly, and although the reimbursement claim was originally listed on the detailed descriptive list, I do not find that La.R.S. 9:2801(A)(1)(a) precluded consideration of the adequacy of Mr. Brown's evidence in that regard. Additionally, jurisprudence indicates that, even when a detailed descriptive list is accepted as a judicial determination, claims for allocation of the assets and liabilities, as well as reimbursement remain for further consideration by the trial court. *See Lacombe v. Lacombe*, 11-1178, p. 12 (La.App. 3 Cir. 2/1/12), 85 So.3d 721, 729 (explaining that the acceptance of a spouse's "*entire* list, including her reimbursement claim, would essentially negate the need for further proceedings, evidence, or depositions."). In my opinion, the trial court noted the generalities of

Mr. Brown's testimony regarding his claim of separate property and the reimbursement claim before determining that he failed to satisfy his burden of proving that claim.

For these reasons, I would affirm the trial court's ruling.

NUMBER 16-31

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

TAMARA DENICE BROWN

VERSUS

STEVEN BROWN

SAVOIE, J., concurring, in part, and dissenting, in part.

I concur with the majority opinion that the trial court erred in finding a lack of evidence regarding the classification of the DeRidder house and the 2003 Cadillac STS as Steven's separate property. The Detailed Descriptive List, which established that the DeRidder house and the 2003 Cadillac STS was Steven's separate property, was not traversed and was judicially accepted. Therefore, additional evidence was unnecessary. *See La.R.S.* 9:2801(A)(1)(a); *See also Durden v. Durden*, 14-1154 (La.App. 4 Cir. 4/29/15), 165 So.3d 1131. Because the classification of the property has already been determined as separate, the only issues left for the court to decide at trial are valuation, distribution of the assets, equalizing payments and reimbursement claims. *See Williams v. Williams*, 07-541 (La.App. 3 Cir. 10/31/07), 968 So.2d 1234.

As to Steven's reimbursement claim for the DeRidder house, I agree with the award of $43,000. Steven alleges Tamara sold the Deridder house, his separate property, and kept the proceeds. He testified that she sold the house for $43,000. Because there is no conflicting evidence as to the sale price, awarding Steven this amount for reimbursement from the sale of the house is appropriate.

I disagree with the award for the 2003 Cadillac STS. Steven testified that Tamara was in possession of the vehicle and that he did not know her location. Steven did not testify as to the value of the Cadillac, and the only mention of the

value is in the Detailed Descriptive List, setting the value at $17,500. The trial court "shall value the assets *as of the time of trial on the merits*, determine the liabilities, and adjudicate the claims of the parties." La.R.S. 9:2801(A)(4)(a) (Emphasis added). The current proceeding was instituted in 2007 by Tamara through a Petition for Divorce. Steven filed his Detailed Descriptive List on July 16, 2009. The partition proceeding was heard on June 24, 2015, nearly six years after the Detailed Descriptive List was filed and eight years after the commencement of this lawsuit. In my view, it is not proper to use a Detailed Descriptive List that was filed six years prior to the hearing to set a value for the vehicle. When the Detailed Descriptive List was filed, the Cadillac was six years old. At the time of trial, it was thirteen years old. It had certainly depreciated in value during that time, which has not been taken into account. Although Steven had ample opportunity to put on evidence of the 2003 Cadillac STS at the hearing, he did not do so. Therefore, I would not award Steven reimbursement for the 2003 Cadillac STS based on a lack of evidence as to the value of the vehicle at the time of trial.